IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LORENZO J. THIGPEN, et al. | ) CASE NO. 1:10CV2260 |
| | ) |
| Plaintiffs, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) |
| BOB REID, et al. | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Defendants. | ) |

Plaintiffs *pro se* Lorenzo J. Thigpen, Donte Booker and LaShawn Wells filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Bob Reid, Cuyahoga County, Ohio Sheriff and the Cuyahoga County Jail. They present four issues. In the first issue, pertaining only to Thigpen, he alleges that he was bitten by a spider, and there are little black bugs flying around the jail. The spider bite caused him to have a severe headache and his "blood pressure to go sky high for days." Compl. pg. 4. In conjunction with the other Defendants, it is alleged that there is black mold in the shower causing their skin to break out in rash like symptoms, the soap used for laundry causes itching, the food is spoiled and rotten and they are being denied access to the law library. Plaintiffs request that something be done about living conditions, and they seek damages in the amount of $6,000,000.00.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000

WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Where a claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the manner in which to proceed. *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008) (citing *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983). The Fourteenth Amendment provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The due process right is analogous to the rights of prisoners under the Eighth Amendment. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005). The Eighth Amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). *See Spears v. Ruth*, 589 F3d 249, 254 (6th Cir. 2009) (§1983 law used although plaintiff was pretrial detaineee).

Plaintiffs have sued the Cuyahoga County Jail. In order to state a claim under § 1983, they must show that the alleged violations were committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006) A jail is a building wherein prisoners are held and is not a suable entity. *Johnson v. Blackwelder*, 2009 WL 1392596 * 4 (E.D.Tenn., May 15, 2009); *Coffey v. Miami County Jail*, 2007 WL 316262 * 2 (S.D. Ohio, Jan 29, 2007).

A sheriff or other county official acts on behalf of the entity he represents. *Newman v. Evans.* 2009 WL 814616 * 5 (E.D.Mich., Mar. 27, 2009). Thus, when sued in his official capacity under section 1983, the suit is actually against the county. *Monell v. Department of Social Services of City*

2

*of Mew York.,* 436 U.S. 658, 690 n. 55 (1978). "Official-capacity suits ... 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (quoting *Monell,* 436 U.S. at 691 n. 55 (1978)). *Everson v. Leis,* 556 F.3d 484, 493 (6th Cir. 2009). In such case, a plaintiff must show that the alleged violation of his or her constitutional rights resulted from acts representing official policy or custom adopted by the city. *Monell,* 436 U.S. at 690-91; *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245-46 (6th Cir. 1989); *Moore v. Chattanooga Police Dept.,* 2008 WL 3896114 * 5 (E.D. Tenn., Aug. 19, 2008). Plaintiffs have not alleged a violation of any custom or policy.

There are no allegations against Sheriff Reid. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior. Browning v. Pennerton,* 633 F. Supp.2nd 415, 431 (E.D. Ky., 2009). Therefore, Sheriff Reid must be dismissed as party Defendant.

In *Newman v. Evans,* 2009 WL 814616 * 1 (E.D.Mich., Mar. 27, 2009), the plaintiff, incarcerated 120 days in the county jail, alleged that the jail was overcrowded, there was mold on the basins in the bathrooms, "slime oozing down the walls," "toilets dripping with waste and urine onto the floor," and bugs that bite in the shower. He asserted that he caught a disease and injured his right arm/elbow while incarcerated at the jail. The court concluded that plaintiff failed to state a claim because the alleged deprivations were not sufficiently serious to rise to the level of an Eighth

Amendment violation. *See Farmer v. Brennan,* 511 U.S. 825, 832, 834 (1994) (concluding that a sufficiently serious deprivation must result in the denial of "the minimal civilized measure of life's necessities" such as shelter, sanitation, food, personal safety, medical care, and clothing). The injuries complained of in the present case are similar to those asserted in *Evans.* "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Bey v. Luoma,* 2010 WL 889995 * 4 (W.D.Mich., Mar. 10, 2010) (quoting *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). The Court agrees with the *Evans* court in concluding that Plaintiffs' alleged claims do not amount to an Eighth Amendment violation.

Finally, Plaintiffs contend that they were deprived of their due process rights to access to the courts when refused access to the jail law library. Although prisoners have a constitutional right of access to the courts, *Bounds v. Smith,* 430 U.S. 817, 821 (1977), *overruled in part on other grounds by Lewis v. Casey,* 518 U.S. 343, 354 (1966), they have no protected right of access to a prison law library. *Lewis,* 518 U.S. at 350-51; *Evans v. Willis,* 2009 WL 2044721 * 2 (S.D.Ohio, Jul. 7, 2009). In the absence of a prison library, a pretrial detainee's right to access to the courts is fully protected by the appointment of counsel in the criminal case. *Martucci, v. Johnson,* 944 F.2d 291, 295 (6th Cir.1991) (no constitutional violation where jail provided legal material upon request and inmate was represented by appointed counsel during his criminal case since the constitution only requires an adequate law library or appointed counsel); *United States v. Manthey,* 92 Fed. Appx. 291, 297 (6th Cir.2004) (as long as a prisoner has the assistance of counsel during a criminal trial, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts); *Mays v. Cuyahoga County,* 2007 WL 2177892 * 2 (N.D.Ohio, Jul. 27, 2007) (lack of a

library does not deny accused due process).

The Cuyahoga County Common Pleas Court Docket shows that all Plaintiffs were represented by an attorney. *State of Ohio v. Thigpen*, Case No. CR-09-532314; *State of Ohio v. Booker*, Case No. CR-10-536886; *State of Ohio v. Wells*, Case No. CR-10537237. Since Plaintiffs, pretrial detainees, were represented by counsel, they were not denied access to the courts.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: December 9, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE